UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS            O
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SHAFFER BROOKS | § |
| | § |
| v. | § C.A. NO. C-04-198 |
| | § |
| DOUG DRETKE | § |

**<u>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

On February 14, 2005, the United States Magistrate Judge filed her Memorandum and Recommendation in this cause (D.E. 24). Instead of filing objections, on February 25, 2005, petitioner filed a motion for a certificate of appealability (COA) (D.E. 27). In a motion requesting an extension of time to file objections, petitioner also asked that his motion for a COA be treated as his objections to the Memorandum and Recommendation. In a second Memorandum and Recommendation (D.E. 30), the Magistrate Judge recommended that the petitioner's motion for a COA be treated as his formal objections. By separate order, the Magistrate Judge allowed petitioner to supplement his objections. Petitioner subsequently filed supplemental objections. (D.E. 32, 33). Accordingly, this Court will treat the COA (D.E. 27) as objections and also review the supplemental objections filed after the deadline. (D.E. 32, 33). Having reviewed *de novo* the Magistrate Judge's memorandum and recommendation and the pleadings on file, this Court hereby adopts as its own the findings and conclusions of the Magistrate Judge.

Petitioner argues that at the time he committed his offense in June 1989, the law required only the vote of two out of three parole panel members to grant parole. In 1997, however, the law was changed to require an affirmative vote of 12 of the 18 panel members. Petitioner asserts that this violated the *ex post facto* clauses of the United States and Texas Constitutions because, had the law in effect at the time he committed the offense been applied to his case, he would have been released on parole.

The statutory change did not violate the *Ex Post Facto* clause, as the change in number of members on a parole panel did not retroactively alter the definition of criminal conduct or increase the penalty by which a crime is punishable. *Collins v. Youngblood*, 497 U.S. 37, 38 (1990). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 99 S. Ct. 2100, 2104 (1979). Other courts have held that laws changing the size and procedures of parole panels do not violate the *Ex Post Facto* clause or due process. *Alston v. Robinson*, 791 F.Supp. 569, 591 (D. Md. 1992) ("[T]he seven member vote requirement of the 1989 amendments is a procedural change which does not substantially alter plaintiffs' 'quantum of punishment' and thus, does not violate the ex post facto clause."); *Phifer v. Tennessee Bd. of Parole*, 2002 WL 31443204, *1(Tenn. Ct. App. 2002) ("Because a prisoner has no liberty interest in release on parole before the expiration of his sentence, due process protections do not attach to parole

determinations. Because at the time of Mr. Phifer's crime and conviction, the law regarding parole gave total discretion to the Board . . . changes in Board procedure do not violate *ex post facto* prohibitions.").

The District of Delaware has held that an amendment requiring the favorable vote of at least four of five members, increased from a simple majority, did violate the *ex post facto* clause. *Steigler v. Board of Parole*, 501 F. Supp. 1077 (D. Del. 1980). In the instant case, however, the percentage of votes required did not change. While the number of board members on the parole panel increased, the underlying requirement that he needed two-thirds to approve his release from parole is unchanged. Additionally, *Steigler* relied on the Supreme Court's decision in *Thompson v. Utah*, 18 S.Ct. 620 (1898), a case involving a retroactive change in jury size that has since been overruled. *See Alston*, 791 F. Supp. at 590-91 (noting that *Thompson*'s overruling undermines *Steigler*). This Court adopts the Magistrate Judge's conclusion that the retroactive application of a state statute affecting parole did not violate the Constitution.

Accordingly, defendant's motion for summary judgment (D.E. 8) is GRANTED and petitioner's application for habeas corpus relief is DENIED. Petitioner's motion for Certificate of Appealability is DENIED.

ORDERED this 22nd day of July, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE